IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AMBER LEWIS,

        Plaintiff,

v.

IKEA OREGON, LLC, d/b/a IKEA U.S. WEST, INC.

        Defendant.

3:11-cv-727-AC

ORDER ON OBJECTIONS TO WITNESSES

ACOSTA, Magistrate Judge:

        This order resolves Plaintiff Amber Lewis's ("Plaintiff") and Defendant IKEA Oregon LLC's ("Defendant") respective objections to each other's witnesses. The court also has issued a separate order containing its rulings on the parties' respective motions in limine. In the event of a conflict between this order and the court's ruling on the parties' motions in limine, the court's motion in limine rulings control.

\\\\\

ORDER ON OBJECTIONS TO WITNESSES 1

## Plaintiff's Witnesses

1. <u>Virginia Dansey</u>:

**RULING: SUSTAINED.**

Defendant contends that this witness's summary does not satisfy the part of the court's July 23, 2012, Jury Trial Management Order (Dkt. No. 47) ("JTMO") which describes the requirements for witness statements. The JTMO clearly and in detail states the requirements for each of the documents the parties must file in preparation for trial. Under subsection "b. Witness Lists and Statements," the following requirement appears:

> •Content: **Provide a detailed statement of each witness's expected testimony.** "Detailed statement" means more than a broad and vague summary of the witness's expected testimony or any part of it. Rather, set out with particularity the areas on which the witness is expected to testify and describe the substance of the witness's testimony. **NOTE: This requirement will be strictly enforced by the court. Be inclusive and specific when describing the testimony the witness will give.**

JTMO at 3.

Defendant correctly observes that Plaintiff's original summary for this witness, filed December 3, 2013, and consisting of a single sentence, does not meet this requirement. In response to Defendant's objection, Plaintiff filed a supplemental statement for Ms. Dansey on December 23, 2013 (Dkt. No. 84). In the supplemental statement, Plaintiff expands her summary to two sentences but increases from 15 minutes to one hour the time estimated for Ms. Dansey's direct testimony. Given the four-fold increase in time for this witness's testimony, the supplemental summary's addition of a single and somewhat more detailed summary is inadequate. Accordingly, Plaintiff shall supplement her summary for this witness no later than 5:00 p.m. on Tuesday, January 14, 2014.

2. Dr. Jordi Kellog:

   **RULING: SUSTAINED.**

   *See* Ruling on Defendant's Motion in Limine No. 71.

3. Robert Male, Ph.D.:

   **RULING: OVERRULED IN PART; DEFERRED IN PART.**

   The court's ruling at the January 3, 2014, hearing on Plaintiff's Motion to Amend addressed Defendant's objections. *See also* Defendant's Motion in Limine No. 70.

4. Dr. Francisco Soderville, M.D.:

   **RULING: OVERRULED IN PART; DEFERRED IN PART.**

   The court's ruling at the January 3, 2014, hearing on Plaintiff's Motion to Amend addressed Defendant's objections. *See also* Defendant's Motion in Limine No. 70.

## Defendant's Witnesses

1. Jason Duhl.

   **RULING: OVERRULED.**

   Duhl is the former Facility Manager for the IKEA store where Plaintiff's fall occurred and will testify about Defendant's investigation to find and repair the source of the leak at issue in this case. Plaintiff objects to Duhl's testimony, citing Federal Rules of Evidence 401, 403, and 407. Plaintiff provides no argument or analysis, however, to support his objections.

   A plaintiff in a premises liability case can establish liability against the premises owner by showing that the owner knew or should have known of the condition that allegedly caused the plaintiff's injury and failed to take reasonable steps to correct that condition. Here, Plaintiff alleges that Defendant was negligent in part for failing to properly service and maintain the building. She

also asserts that at trial she will present evidence that leaks similar to the leak that created the condition which caused her fall had occurred previously. It is apparent from Plaintiff's pretrial filings that her liability theories include proving at trial that the puddle on which she slipped resulted from a leak previously known to Defendant or resulting from conditions Defendant knew about but failed to correct. Perhaps to rebut this theory, Defendant intends to introduce evidence of its investigation and correction of the leak, and it responds that Rule 407 does not preclude it from doing so.

The evidence Duhl will present is relevant to Defendant's prior knowledge of the leak and to its source. Specifically relevant are such facts as the ease or difficulty of discovering the source of the leak, what caused the leak, whether the source and cause of the leak were obvious upon a reasonable inspection, and the actions Defendant took to repair the leak. Accordingly, Plaintiff's objection is **OVERRULED**.

2. Armando Johnson.

   **RULING: OVERRULED.**

Johson is a former employee at the IKEA store where Plaintiff's fall occurred and will testify about Defendant's investigation to find and repair the source of the leak at issue in this case. *See* Ruling on Plaintiff's objections to Jason Duhl.

3. Steve Needham.

   **RULING: OVERRULED.**

Needham is a current employee at the IKEA store where Plaintiff's fall occurred and was working at that store at the time of Plaintiff's fall. He will testify about Defendant's investigation to find and repair the source of the leak at issue in this case. *See* Ruling on Plaintiff's objections to

ORDER ON OBJECTIONS TO WITNESSES  4

Jason Duhl.

IT IS SO ORDERED.

DATED this ___9th___ day of January, 2014.

_____
JOHN V. ACOSTA
United States Magistrate Judge

ORDER ON OBJECTIONS TO WITNESSES  5